### JENCKS v. KEARNEY et al.

(Supreme Court, General Term, First Department. December 31, 1891.)

SPECIFIC PERFORMANCE—DILIGENCE OF PURCHASER—LIS PENDENS.

At the time and place fixed in a contract of sale of land for passing the title, the purchaser applied for an adjournment for a few days to enable him to ascertain the rights of an occupant. The vendor's attorney refused, and offered to put the purchaser into possession, if he would pay for the property. The latter declined to do so, and thereafter recorded the contract. Three months later the vendor conveyed the land to another having notice of the contract, and four years thereafter the purchaser brought an action for specific performance. Held, that he was not entitled to the relief after such a lapse of time, and that the record of the contract did not operate as a perpetual lis pendens.

Appeal from special term, New York county.

Action by Francis M. Jencks against Edward Kearney, Vincent C. King, and Annie King, for specific performance of a contract for the sale of real estate. On trial by the court without a jury judgment was rendered for defendants. Plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

John H. V. Arnold, for appellant. Bailey & Sullivan, (Charles H. Bailey and Charles F. MacLean, of counsel,) for respondents.

VAN BRUNT, P. J. This action was brought in January, 1890, to enforce specific performance of a contract, made between the plaintiff and the defendant Kearney, for the sale of certain premises in the city of New York, which contract was to be closed at the office of one Bailey, at the Oriental Bank building, corner of Canal street and the Bowery, on the 26th of September, 1885, at 12 o'clock, noon, when and where, simultaneously with the delivery of the deed, a purchase-money mortgage of $15,000 was to be delivered, and

$8,500 in cash to be paid.   Upon the trial of the case the plaintiff testified that, a few days before the time of the closing of the contract, he saw the premises in question being used as a vegetable garden of some sort; that he attended at the office of Mr. Bailey at the time fixed in the contract, and stated to Bailey that he had found a party in possession of the premises, but what rights the said person had in and to the premises he had been unable to learn, and requested a postponement of the time of closing the contract for a few days.   The attorney was unwilling to do so because of the instructions he had received from his client.   The plaintiff stated that he was unwilling to take title with another party in possession.   The attorney's answer was that if he would pay for the property they would put him in possession afterwards. The matter was left there, and no further conversation was had about the property.   The plaintiff was asked, among other things, as to the conversation he had had with this party he found in possession, which was ruled out by the court as immaterial, and the plaintiff duly excepted.   The plaintiff did nothing in respect to the property until after it had been conveyed by the defendant Kearney to the defendant King, when this action was brought, in 1890, for the specific performance of the contract made in 1885, the conveyance to King being claimed not to have been *bona fide*.   The court dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

In the conclusion arrived at by the learned court who presided at the trial of this action we do not think any error was committed.   The plaintiff undoubtedly had a right, finding some person apparently in possession, to a reasonable time to ascertain the rights of this party, and whether he was holding adversely to the defendant Kearney, his proposed grantor.   But after such reasonable time had elapsed for the purpose of ascertaining these facts, it became necessary for the plaintiff, in order to put the defendants at fault, (if there was, in reality, any adverse possession or possession inconsistent with the right of the defendant Kearney to put the plaintiff in possession,) to tender performance of the contract on his part upon condition that he be put in possession of the property.   But, as the record shows, upon the mere statement that he saw somebody upon the premises as to whose right he had no knowledge or information, he refused to complete, and did nothing further until more than four years afterwards, when he brought this suit, having learned that the defendant conveyed the property.   We do not understand that, by the recording of a contract for the sale of real estate, a perpetual *lis pendens* can be created.   Even if time was not of the essence of the contract, certainly four years was too long to allow it to remain without ever offering to perform.   It does not appear that there was any tender whatever made to perform on the part of the plaintiff on the day in which he had the conversation with Bailey.   On the contrary, the request was for adjournment, and not a tender or offer to perform upon the part of the plaintiff.   Under all the circumstances, therefore, we are of opinion that too long a time elapsed for the plaintiff now to insist that the contract should be specifically performed. Without passing upon any of the other questions involved, we think the judgment should be affirmed, with costs.   All concur.